UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
ELLEN BRANDT and                          )
HARVEY BRANDT,                            )
        Plaintiffs,                       )
                                          )
v.                                        )        C.A. No. 1:25-cv-13417
                                          )
RICHARD COOPERSTEIN and                   )
TRACEY COOPERSTEIN,                       )
        Defendants.                       )
_____)

## COMPLAINT AND JURY DEMAND

## I.    PARTIES

1.    Plaintiff Ellen Brandt ("Ellen") is an individual residing in Belmont, Middlesex County, Massachusetts.

2.    Plaintiff Harvey Brandt ("Harvey") is an individual residing in Belmont, Middlesex County, Massachusetts.

3.    Defendant Richard Cooperstein ("Richard") is an individual residing at 14650 Valley Vista Boulevard, Sherman Oaks, Los Angeles County, California 91403.

4.    Defendant Tracey Cooperstein ("Tracey") is an individual residing at 14650 Valley Vista Boulevard, Sherman Oaks, Los Angeles County, California 91403.

5.    Richard and Tracey are trustees of the Richard B. Cooperstein and Tracey M. Cooperstein Revocable Trust, u/d/t dated December 15, 2006 (the "Trust").[1]

6.    Richard and Tracey are sued herein in their individual capacities, as well as in their fiduciary capacities as trustees of the Trust.

_____

[1] According to said declaration of trust, the Trust has an address of 16350 Ventura Boulevard, Suite D248, Encino, Los Angeles County, California 91436.

1

7.      Ellen and Harvey are husband and wife.

8.      Richard and Tracey are husband and wife.

9.      Ellen and Richard are siblings.

10.     Ellen and Richard's mother was Florence A. Cooperstein ("<u>Florence</u>"), who passed away on January 1, 2016.

11.     Florence had eight children, seven of which survived her at the time of her death.

II.     **JURISDICTION AND VENUE**

12.     This Court has jurisdiction over this matter pursuant to 28 U.S.C., § 1332, diversity of jurisdiction.  The plaintiffs are both citizens of the Commonwealth of Massachusetts, and the defendants are all citizens of State of California.

13.     The amount-in-controversy in this case far exceeds $75,000.00.

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claim occurred in this District including the rental of residential property, and investment of real estate that all took place in the Commonwealth of Massachusetts.

III.    **FACTUAL BACKGROUND**

15.     At the time of Florence's death, she held an interest in real estate located at 40 Woodfall Road, Belmont, Middlesex County, Massachusetts (the "<u>Premises</u>").

16.     After her death, the Premises was gifted to Florence's seven remaining children, with each receiving an equal share, except for Richard who received double the share of his siblings.

17.     Richard and Tracey, through the Trust, purchased the Premises from Florence's Estate for $1,250,000.00 on April 6, 2017.  This left net equity in the Premises of approximately

$742,000.00.

18.     The Parties had calculated each heir's interest to be $92,811.22 (with Richard's share being $185,622.44).

19.     At the time, Richard and Tracey approached each heir with an investment opportunity.

20.     Richard and Tracey acknowledged that they had to buy out each heir's interest for $92,811.22 and would do so if requested.  But they also gave each heir the opportunity to leave their equity share in the Premises and they could share in the appreciation of the Premises over time, to be paid at a later date either upon demand or disposition of the Premises.

21.     Ellen was the only heir who opted to have her equity grow, rather than receive a buyout at the time the Premises was conveyed to the Trust.

22.     All other heirs received their payout of $92,811.22.

23.     Ellen and Harvey resided at the Premises.

24.     On or about April 1, 2017, the Trust required Ellen and Harvey to sign a lease in order to continue to reside at the Premises.

25.     Ellen and Harvey complied.

26.     The Parties agreed in this lease to monthly rent in the amount of $4,000.00.

27.     The defendants also demanded that Ellen and Harvey pay a security deposit of $24,000.00.

28.     Ellen and Harvey paid the defendants $24,000.00 by wire on March 31, 2017.

29.     This $24,000.00 payment was not used for first month's rent, last month's rent or the amount used to purchase and install a lock and key.

30.     The $24,000.00 payment was not deposited into interest-bearing account for the

benefit of Ellen and Harvey.

31.    Defendants further failed to provide Ellen and Harvey with a statement of conditions of the Premises either at the commencement of, or within thirty days of the termination of their tenancy.

32.    While residing at the Premises, Ellen and Harvey also made substantial payments towards expenses, maintenance and capital improvements to the Premises, including, without limitation, painting, hot water heater, and other construction projects occurring throughout their tenancy and partial ownership.

33.    The defendants agreed to compensate Ellen and Harvey for these expenses that increased the fair market value of the Premises.

34.    On May 20, 2025, the defendants filed a no-fault summary process action in the Eastern Housing Court against Ellen and Harvey.  *See Cooperstein v. Brandt*, Eastern Hous. Ct., Docket No. 25HSP003057.

35.    As a result, Ellen and Harvey voluntarily vacated the Premises on June 1, 2025.

36.    Since then, the defendants failed to return any portion of the $24,000.00 security deposit to Ellen and Harvey.

37.    In addition, the defendants tendered a check in the amount of $92,811.22 to Ellen – representing her interest in the Premises at the time the Trust acquired it in 2017.  However, the defendants failed to pay Ellen and Harvey any return on their investment,[2] and they did not reimburse Ellen and Harvey for the expenses, maintenance and capital improvements made to the Premises over the years.

---

[2] The fair market value of the Premises is now in excess of $2,400,000.00, which would entitle Ellen and Harvey to recover investment gains in an amount greater than $100,000.00, in addition to the $92,811.22 initial investment.

4

IV.    **CAUSES OF ACTION**[3]

**COUNT ONE**

**VIOLATIONS OF THE SECURITY DEPOSIT STATUTE, G. L. c. 186, § 15B**

38.    Ellen and Harvey readopt and reallege the preceding paragraphs, and incorporate them into this count.

39.    In violation of the Security Deposit Statute, Ellen and Harvey were forced to pay a $24,000.00 security deposit to the defendants prior to the commencement of their tenancy.

40.    In violation of the Security Deposit Statute, the $24,000.00 was six times the statutory $4,000.00 limit (i.e., the amount of one month's rent).

41.    This $24,000.00 payment also violated the express and unambiguous terms of the Massachusetts Security Deposit Statute by, among other reasons: (a) the funds were not held in an interest-bearing account for the benefit of Ellen and Harvey; (b) the funds were not refundable to Ellen and Harvey at the end of the tenancy; (c) Ellen and Harvey were not provided with proper statements of conditions; and (d) the funds were not designated as first month's rent, last month's rent, or used to purchase and install a key and lock.

42.    Despite vacating the Premises on June 1, 2025, to date, the defendants failed to return the $24,000.00 security deposit to Ellen or Harvey.

43.    Ellen and Harvey have incurred substantial financial damage as a result of defendants' violations of the Security Deposit Statute as set forth herein.

44.    Accordingly, Ellen and Harvey are entitled to an automatic award of treble damages plus attorneys' fees, litigation expenses and costs.

---

[3] Ellen and Harvey have this day served a demand letter pursuant to G. L. c. 93A, § 9 on the defendants.  Upon the conclusion of the thirty-day window to tender a reasonable offer of settlement (should settlement not be achieved), Ellen and Harvey intend to amend the complaint to add a fourth count for violations of the Massachusetts Consumer Protection Act.

## COUNT TWO
### BREACH OF CONTRACT

45.     Ellen and Harvey readopt and reallege the preceding paragraphs, and incorporate them into this count.

46.     The Parties entered into an agreement wherein Ellen and Harvey agreed to invest their $92,811.22 share of Ellen's inheritance in the Premises, so that this added equity could be used to appreciate the value of the Premises.  As part of this agreement, the defendants agreed to repay this investment back to Ellen and Harvey, upon demand, plus all accrued interest, investment gains and market appreciation accruing since April 1, 2017.

47.     The defendants further agreed to reimburse Ellen and Harvey for all expenses, maintenance and capital improvements they made to the Premises over the years.

48.     Ellen and Harvey have fully performed all covenants, conditions and obligations required to be performed by reason of these agreements, except to the extent made impossible by the defendants' breach.

49.     Upon vacating the Premises on June 1, 2025, defendants breached these agreements.  Although Ellen and Harvey acknowledge that their initial $92,811.22 investment was repaid, the defendants nonetheless failed to pay all accrued interest, investment gains and market appreciation, and failed to reimburse Ellen and Harvey for all expenses, maintenance and capital improvements they made to the Premises over the years.

50.     As a direct and proximate result of defendants' breaches, Ellen and Harvey have incurred significant financial damages.

## COUNT THREE
### UNJUST ENRICHMENT

51.     Ellen and Harvey readopt and reallege the preceding paragraphs, and incorporate

them into this count.

52.     The monies paid by Ellen and Harvey (including their initial investment in the Premises, and the expenses, maintenance and capital improvements they made to the Premises over the years), as well as the accrued interest, investment gains and market appreciation realized by the defendants as a result of Ellen and Harvey's initial investment in the Premises constitute benefits that the defendants voluntarily accepted.

53.     Defendants have wrongfully retained these benefits, and the retention of these benefits would violate fundamental principles of justice, equity and good conscience.

## V.    **PRAYER FOR RELIEF**

WHEREFORE, the plaintiffs Ellen Brandt and Harvey Brandt respectfully request that the Court order the following relief:

A.     An award of actual and statutory damages to be determined at trial;

B.     Treble damages as afforded by law;

C.     Attorneys' fees, litigation expenses and costs; and

D.     Such other and further relief as may be just and proper.

## VI.    **JURY DEMAND**

The plaintiffs Ellen Brandt and Harvey Brandt demand a trial by jury of all claims in this Complaint so triable.

Respectfully submitted,

*/s/ Joshua N. Garick*

_____
Joshua N. Garick (BBO #674603)
LAW OFFICES OF JOSHUA N. GARICK, P.C.
34 Salem Street, Suite 202
Reading, Massachusetts 01867
Phone: (617) 600-7520
Joshua@GarickLaw.com

*Counsel for Ellen and Harvey Brandt*

Dated:  November 17, 2025